UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Henry Furst,

Plaintiff,

v.

The Sled Dogs Company,
d/b/a XDogs.com, Inc.,

Defendant.

Civ. File No. 00-136 (PAM/JGL)

**ORDER**

---

This matter is before the Court upon Plaintiff's request for judgment in its September 25, 2000 letter to the Court. In a September 15, 2000 Order, the Court granted summary judgment to the Plaintiff on liability, but denied summary judgment on the issue of damages. In so doing, the Court found a "genuine issue of material fact as to whether Furst's damages are properly measured by the historical market value of $6.25 per share, resulting in damages of $143,750, or by the reduced value of $4.25 per share ascribed by Mr. Niebuhr, resulting in damages of $97,750." (See September 15, 2000 Order at 8.) Plaintiff's present request for judgment is based on his stipulation accepting damages in the lower amount of $97,750. In its September 27, 2000 letter in opposition, Defendant submits that Plaintiff's damages could be even lower than that amount. (See Niebuhr Aff. ¶¶ 8-9.) This argument rests not on any supportable evidence, but on vague and conclusory speculation by Mr. Niebuhr regarding the hypothetical stock price and the mere hypothetical

FILED OCT 0 3 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD OCT 0 3 2000
DEPUTY CLERK

possibility of stock sales by other bankruptcy claimants. (See id.) The Court finds that such statements are not sufficient to create a genuine issue of material fact regarding damages. Accordingly, the Court determines that Plaintiff is entitled to summary judgment awarding him $97,750.

Plaintiff has also requested statutory prejudgment interest and costs. See Minn. Stat. § 549.09 (prejudgment interest statute); Drovers Bank of Chicago v. National Bank and Trust Co. of Chariton, 829 F.2d 20, 23 n. 3 (8th Cir. 1987) (noting that prejudgment interest is an issue of state law and postjudgment interest is an issue of federal law); Anoka Orthopaedic Assocs., P.A. v. Mutschler, 773 F. Supp. 158, 170-71 (D. Minn. 1991) (allowing prejudgment interest for a lost profits claim computable with reasonable certainty based on a market value). In its brief, Defendant has not submitted any arguments opposing Plaintiff's request. Therefore, the Court further awards Plaintiff prejudgment interest and costs.

Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Henry Furst's request for judgment, filed herewith, is **GRANTED**;
2. The Court finds Defendant The Sled Dogs Company, d/b/a XDogs.com, Inc., liable to Plaintiff Henry Furst for damages in the amount of $97,750; and
3. The Court awards Plaintiff Henry Furst prejudgment interest and costs.

**Let judgment be entered accordingly.**

Dated: October 2, 2000

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: OCT 0 3 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995